## CITY OF KOKOMO *v.* WILLS.

COSTS.—*City.*—*Appeal.*—Where in a prosecution by a city to enforce an ordinance thereof an appeal is taken, the city, if unsuccessful, is liable for costs in the appellate court.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—This was a prosecution under an ordinance of the city, commenced before the mayor, and appealed to the circuit court, where there was, on a trial by jury, a verdict for the defendant. On this verdict the circuit court rendered judgment for costs against the city. The only question in the case in this court is, whether the city was liable for costs or not.

The only statutory provision to which we are referred for the exemption is that contained in section thirty of the general law with reference to the incorporation of cities, which, after speaking of the duty of the city attorney to prosecute all actions in favor of the city, and defend all actions brought against such city for any cause, provides, that "in no case shall the city be liable for costs."

The costs taxed in the circuit court were those of the clerk, sheriff, witnesses, jury, and court docket fees, amounting to fifty-one dollars and ninety-two cents. None of the costs which had accrued before the mayor seem to have been embraced in the judgment of the circuit court. We understand that the practice is, in the mayor's courts of the various cities which are living and acting under this general law, to tax no costs against the city in cases for violations of the ordinances, when the case is decided against the city.

But the question here is this: is the city liable for costs in the appelate court, when the case in that court goes against her, or does the statutory protection from liability continue to the end of the suit?

It is provided in section seventeen of the act relating to cities, that, "in all actions in the city judge or mayor's court, either party may have a trial by jury and a change of venue to a justice of the peace in such city, and an appeal to a court of competent jurisdiction, under the same restrictions, and in the same manner as in a justice's court." But it is not specially provided how the case shall be heard and disposed of in the appellate court.

Regarding a city simply as a corporation, there would seem to be no good reason why she should not be liable to pay costs as other corporations. Section twenty-two of article four of the constitution of the State declares, that "the general assembly shall not pass local or special laws, in any of the following enumerated cases;" and among them is, "regulating the practice in courts of justice."

Section twenty-three declares, that "in all the cases enu-

merated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform application throughout the State."

The question relating to the costs in a cause, as to the right to recover them or not, is a question relating to the "practice in courts of justice;" and though this provision exempting cities from payment of costs applies to all cities, it does not apply to all litigants. Suppose it were provided by law that in any suit by or against a railroad company, or an insurance company, or an incorporated bank, the corporation should not be liable for costs; would the fact that the exemption applied to all of such corporations of one class exempt the statute from the charge of being special?

To hold the exemption contended for valid, would be to hold that in every case, whether to enforce the ordinances of the city, or to enforce any right in favor of or against the city, where she failed, the officers, witnesses, and others rendering services would be left without compensation.

Without intending to decide anything beyond the exact question before us, we hold that in a prosecution by the city to enforce an ordinance thereof, on appeal, the city is liable for costs, when unsuccessful, in the appellate court.

The judgment is affirmed, with costs.

*C. N. Pollard*, for appellant.

*A. S. Bell*, for appellee.

