# CITY OF KINMUNDY

## *v.*

# JAMES MAHAN *et al.*

1. MUNICIPAL CORPORATION—*execution can not be awarded.* An execution can not be rightfully issued against a municipal corporation on a judgment for debt or damages, or costs, rendered against it.

2. SAME—*power to license traffic in liquor can not be delegated.* Where the power to license the traffic in spirituous liquors is, by the charter of a city, expressly conferred on the city council, this power can not be delegated to the mayor of the city by ordinance.

3. IMPRISONMENT—*for violation of city ordinance.* In an action of debt for violation of a city ordinance, it being a civil suit, it is error to adjudge imprisonment against the defendant.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. RASER & GOODNOW, for the appellant.

Mr. THOMAS E. MERRITT, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action originally brought before the police magistrate of the city of Kinmundy, to recover a penalty for an alleged violation of an ordinance of that city prohibiting the sale of spirituous liquors therein without a license, and taken by appeal to the county court, wherein it was considered that judgment be entered against the defendants for forty-five dollars and costs of suit, and that they be committed to jail until the fine and costs are paid or released, as provided by law and the ordinance of the city.

On bill of exceptions filed by the defendants, the cause was taken to the circuit court by writ of error, this judgment was reversed, and a judgment for costs entered against the city, with an order of execution against the city for the same.

To reverse this judgment the city appeals, and assigns for error, 1st, the award of an execution against the city, and, 2d, the reversal of the judgment of the county court.

Appellee takes no notice of the first point, thereby tacitly admitting it is well taken. Indeed, it could not well be controverted, since the decision of this court in *City of Chicago* v. *Hasley,* 25 Ill. 595, where it was held, that a *fi. fa.* can not be rightfully issued against a municipal corporation on a judgment for debt, or damages, recovered against it. The scope of this decision includes, as well, a judgment for costs, as any

other on which a *fi. fa.* might issue. *Town of Odell* v. *Schrœder et ux.* 58 Ill. 353. For this error the judgment must be reversed, but in all other respects it must be affirmed, as, by the charter of the city, the power to license the traffic in spirituous liquors is expressly conferred upon the city council, this power could not be delegated, as was done, to the mayor of the city, by section 15 of ordinance No. 5, under which this prosecution originated. *City of East St. Louis* v. *Wehrung,* 50 Ill. 31.

No other points are made by counsel, and we notice none other, though it may be proper to say, that the county court erred in adjudging imprisonment against the defendants. The action was debt for a penalty, and is a civil suit. *Hoyer et al.* v. *Town of Mascoutah,* 59 ib. 137.

For the error above indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*