## THE VILLAGE OF CROTTY
### v.
### THE PEOPLE EX REL.

1. MANDAMUS TO COMPEL ISSUANCE OF LICENSE.—The passage by a village board of a resolution fixing the amount to be paid for license to keep a dram-shop, cannot be regarded as an ordinance properly passed, wherein the village authorities undertake to exercise the powers regarding licenses vested in villages by the statute, and a party tendering the amount so fixed to be paid for a license, and a bond, is not, by virtue of such resolution, entitled to a peremptory writ of mandamus, requiring the village to issue a license to him.

2. ORDINANCES—RIGHTS UNDER.—Ordinances should be general and uniform, operating alike upon all classes of persons in the municipality, yet it has never been held that an ordinance granting license should be so general in its provisions that any person complying with its terms is entitled to receive such license without any regard to his moral fitness to conduct the business

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 17, 1879.

Mr. JOHN H. WIDMER and Mr. E. F. BULL, for appellant; that mandamus will not be awarded except where the right of the relator is clear, and the party sought to be coerced is bound to act, cited People v. Hatch, 33 Ill. 9; County of St. Clair, v. The People, 85 Ill. 396; The People v. Lieb, 85 Ill. 485; The People v. C. & A. R. R. Co. 55 Ill. 95.

Where the corporate body has a discretion and exercises it, the court cannot control that discretion by mandamus: The People v. LaSalle County; County of St. Clair v. The People, 85 Ill. 396; The People v. Forquier, Breese, 104; High on Extraordinary Remedies, § 325; The People v. Curyea, 16 Ill. 547.

The common council may grant licenses upon such terms as they may choose, and may prescribe the character of persons who shall have licenses: Rev. Stat. 1874, Chap. 11, § 62; Schwuchow v. Chicago, 68 Ill. 444; City of East St. Louis v. Wehrung, 46 Ill. 392; ex parte Paine, 1 Hill 665.

This being for the relator's personal benefit, a demand and refusal are necessary: High on Extraordinary Remedies, § 13; Rex v. Brecknock, etc. Co. 3 Adol. & Ell. 217; Rex v. Wills, etc. Canal Nav. 3 Adol & Ell. 477; Regina v. Thames & Isis Nav. 8 Adol. & Ell. 901; Macoupin Co. v. The People, 58 Ill. 191.

Mere delay for investigation is not a refusal: Regina v. Wilts, etc. Canal Co. 8 Dowl. Pr. Cas. 623.

Mr. M. T. Moloney, for appellee; that private rights may be enforced by mandamus, cited County of Pike v. The State, 11 Ill. 202; City of East St. Louis v. Wider, 46 Ill. 351; Kadgihn v. City of Bloomington, 58 Ill. 229.

If licenses are granted they should be granted to all who conform to their terms: City of Chicago v. Rumpff, 45 Ill. 90.

If the board by resolution agree to issue license, a mandamus will compel the issuing of the same: 1 Hill, 655; 13 Barb. 206.

The petition is properly brought against the corporation: 18 B. Mon. 9.

Pillsbury, P. J. Petition for mandamus filed in the LaSalle Circuit Court by the relator, Besse, to compel the village of Crotty, in said county, to grant him a license to sell by retail intoxicating liquors, and to keep a pool table in said village.

The petition alleges that the village is incorporated under the general law, and has power by that law to grant such licenses, and that " at a special meeting of the board May 4th, on motion of Graves, that license to keep dram-shops for the present municipal year be fixed at $130.00; approved. On motion of Prickett, that said license to keep dram-shops be for every dram-shop $80.00 in advance and $50.00 on or before Nov. 1st, 1878; approved," and at same time passed an order as follows:

" On motion of Prickett, that the license to keep billiard tables, bagatelle, pool tables, shooting galleries or other games of chance, be for every such privilege $5.00; approved."

That no other order, ordinance or resolution is known to exist in said village upon that subject. That on May 9th licenses

were granted under said action of the trustees to several persons, at which time the relater also applied for license to keep pool table and to sell liquor, and in accordance with the laws filed his bond and tendered to the treasurer the amount of money required by said order, etc.

That the authorities refused to approve his bond, accept the money and to act upon his application.

The respondent filed its answer to said petition, admitting the passing of the resolution, the application of the relator for a license to keep a pool table and to sell intoxicating liquors, the tender of the money and the presenting of the bond, and then alleges as a reason for not granting the same, " that the matter of granting a license to said petitioner to keep a dram-shop, and also to keep a pool table, was laid upon the table for the future consideration and action of said board of trustees, to be determined upon at a future meeting of said board; that afterwards, to-wit: on May 24th, 1878, and after the filing of the petition herein, upon careful investigation and consideration of the application for said licenses, made by said president and board of trustees, it was determined by a vote of 4 to 1, in said meeting, that a license to said petitioner should not be granted, and said clerk was then and there instructed to return said bond to said petitioner.   The defendant denies that said president and board of trustees refused either to license said petitioner to keep a dram-shop or not to license him, as is alleged in said petition ; on the contrary the defendant avers that the matter of granting to said petitioner a license to keep a dram-shop, was deferred solely for the purpose of allowing said president and board of trustees to inquire into the fitness of said petitioner to receive such license; that said petitioner had received a license from the defendant to keep a dram-shop for the previous year, and had kept an ill-governed and disorderly house, to the scandal and disgrace of the inhabitants residing within said corporate limits; that said petitioner, under a license issued to him by the defendant for the year previous, disregarding his duty as a good citizen, and in violation of the ordinances of the defendant, and of the trust reposed in him to keep an orderly and well-governed house, sold and gave intoxicating

liquors to minors on divers and sundry times, kept said dram-shop open on divers Sabbath days, and sold intoxicating liquors on the same, and sold and gave intoxicating liquors to inebriates and drunken persons, and permitted fighting, quarrelling and other disorderly conduct to be carried on in and about said dram-shop. And the defendant avers that the sole and only reason for refusing to issue a license to said petitioner to keep a dram-shop and pool table, is that the petitioner, in the judgment of said president and board of trustees, is an unfit person to be entrusted with a license to sell spirituous, vinous and malt liquors, or to keep a pool table or a dram-shop within said corporate limits, and that for no other cause did said president and board refuse to grant to the petitioner a license for said purposes; and that in exercising the discretion which the law has vested in the defendant for the good of the inhabitants of said corporation, they did refuse to grant a license to said petitioner for the purposes above stated, and thereupon said clerk did return said bond to said petitioner. Wherefore the defendant prays the judgment of the court here, etc."

To this answer the relator demurred, and the court sustained the same, and awarded a peremptory mandamus as prayed, and the defendant brings the case to this court by appeal.

It will be noticed at the outset that the village has never by ordinance properly passed, approved by the president and published, undertaken to exercise the powers regarding licenses vested in it by the statute, as the resolution cited is the only action ever had upon the subject, and that does not even purport to be an ordinance, but simply a declaration of the amount that shall be paid for such licenses if granted.

The power to license, regulate and prohibit the selling or giving away of any intoxicating liquors is expressly conferred upon cities by the forty-sixth subdivision of section one of article five, of the act of 1872, and to license pool tables by the forty-fourth subdivision of said section; and by section nine of article eleven of same act the president and board of trustees of villages are vested with the same powers of cities in that regard, and can pass ordinances in like manner, and both cities and villages are authorized by the same act to pass all ordinances,

rules, and make all regulations proper or necessary to carry into effect the powers granted to them. It is not to be denied that these ordinances should be general and uniform, operating alike upon all classes of persons in the municipality brought within its provisions, yet it has never been held that an ordinance granting license should be so general in its provisions that any person is entitled to receive such license without any regard to his moral fitness to conduct the business of retailing liquor.

An ordinance providing for the granting of such privilege, and providing that such license should only be granted to law-abiding and moral persons, is not the less general and uniform because it does not include the vicious and immoral.

We have no doubt of the power of a municipal corporation to prescribe that a license to sell liquor shall not be granted to that class of persons who in conducting the business continually do so in violation of the law, and in utter disregard of good morals and the well being of society.

It is essential to good order in the municipality that they should possess this power and freely exercise it.

In the case of the City of East St. Louis v. Wehrung, 50 Ill. 31, it is said that "In the proper exercise of this power the city council should adopt general ordinances prescribing a general rule by which licenses might be obtained. They might no doubt prescribe the character of the persons who might or might not obtain licenses, or they might in their regular or called meetings, in such manner as they might ordain, grant such licenses."

This power to grant licenses and to prescribe general rules by which they can be obtained, has never been exercised by the village of Crotty by general ordinance, hence such power is reserved to it, to be called into exercise when the president and board of trustees shall determine so to do; and this power must be exercised by them alone, and cannot be delegated to any of its inferior officers. City of East St. Louis v. Wehrung, *supra;* Kinmundy v. Mahan, 72 Ill. 462.

It is not necessary in this case to determine the question whether the reason assigned in the answer would be a sufficient excuse for their refusal to grant the relator a license, had the

president and board of trustees adopted a general ordinance, comprehensive enough in its terms to include persons who conduct the traffic in intoxicating liquors in the manner the relator is admitted to have done, as the question does not arise upon this record.

It is evident that they have not so done, and we are not aware of any power in the judiciary to compel them to pass such an ordinance. The mere fact that they have granted license to others without ordinance cannot avail the relator, for until they have ordained that licenses shall be granted in said village, they are under no legal obligation to issue them.

Whether the licenses to the others were properly or improperly granted, we express no opinion, but confine our determination to this: that as there is no ordinance of said village by virtue of which they are under a legal obligation to grant a license to the relator, he cannot have relief by mandamus, and that the president and board of trustees having never deprived themselves of the discretion to prescribe the character of the persons who should receive license, they were justified in refusing one to the relator, who is admitted to so conduct his business as to make it a nuisance.

The judgment of the Circuit Court awarding a peremptory writ of mandamus will be reversed.

Judgment reversed.