EDWARD J. MARINER, *Mayor, &c., et al.,* v. JOHN MACKEY.

1. CITY, *Judgment for Costs Against, When Valid; Collection.* The city of Olathe, a city of the second class, commenced a prosecution in its police court against M., for a violation of a city ordinance. Convicted in that court, M. appealed to the district court, where after trial he was acquitted, and a judgment entered that he recover of the city his costs, naming the amount, and that execution issue therefor. *Held,* That such judgment for costs was not a nullity, but until reversed or modified was a valid judgment in favor of M. and against the city for the amount named therein. *Held further,* That the collection of this judgment in the name of M. may be enforced, although he has in fact paid none of the costs.

2. CITY PROPERTY, *Levy of Execution Upon; Injunction.* Upon such judgment execution was issued, and levied on certain property of the city used exclusively for public purposes. The city brought an injunction to restrain further proceedings under that execution. The injunction was granted. It appearing from the record that the injunction was rested on the ground of the illegality of the levy upon property devoted to public uses, such injunction will not be held an adjudication of the invalidity of the original judgment upon which the execution was based.

*Error from Johnson District Court.*

MANDAMUS, brought by *Mackey* against *Mariner,* as mayor of the city of Olathe, and others as the council thereof, to compel them to levy a certain tax. The facts appear in the opinion. Trial at the November Term, 1880, of the district court, and judgment for the plaintiff. The defendants bring the case to this court.

*I. O. Pickering,* for plaintiffs in error.

*Noteman & Devenney,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of mandamus, brought by defendant in error, John Mackey, against plaintiffs in error as mayor and councilmen of the city of Olathe, to compel them to levy a tax to pay the fees of witnesses in a criminal case theretofore tried and determined in the district court of Johnson county, wherein the city of Olathe was plaintiff and the said Mackey was defendant.

On the 17th day of May, 1879, said Mackey was duly arrested by the marshal of said city of Olathe, on a charge of intoxication, was tried before the police judge thereof and found guilty, and sentenced to pay a fine, from which judgment of conviction he appealed to the district court of said county, where he was tried by a jury and a verdict returned of not guilty. Whereupon said court not only entered the usual judgment of acquittal and discharge, but proceeded further—to "consider, order and adjudge that the said John Mackey have and recover of and from the said city of Olathe all his costs in this behalf expended, taxed at $237.80, and that execution issue therefor."

The case as presented to this court consists of the record of the original case of The City v. Mackey, and The City v. Julien, Sheriff, a suit to enjoin the collection of the aforesaid judgment, and the papers and records of this mandamus proceeding in the court below.

Three questions are presented by counsel for the city, the determination of any one of which is fatal to plaintiff's action. *First*, Was the city made liable for the witness fees by the judgment rendered? *Second*, If so, is the plaintiff so interested therein that he can maintain this action? And *Third*, Are the proceedings in the injunction suit a bar?

In reference to the first question, these are the facts: The city commenced an action against John Mackey for a violation of one of its own ordinances, and was beaten, and a judgment rendered against it for costs. Such general judgment of course carries all costs, those of witnesses as well as those

of the clerk and sheriff. These latter the city paid; the former it questions. It claims that this was a criminal prosecution, that such has been the ruling and decision of this court thereon, (*Neitzel v. Concordia*, 14 Kas. 446,) that costs were unknown at common law, (*The State v. Campbell*, 19 Kas. 481; *Comm'rs v. Wilson*, 19 Kas. 485,) and that therefore a judgment against the city for costs is void and binds no one. We cannot assent to this argument in full. The city is a corporation, and as such was prosecuting for a violation of one of its ordinances. The prosecution was for its own benefit. The proceeds, if successful, passed into its own treasury, and were subject to use for its general purposes. (Comp. Laws 1879, p. 176, § 68; id., p. 180, § 94.) Now whatever the form or nature of the action by which the city seeks redress for a violation of one of its ordinances, it is in such action a party litigant, a suitor. It goes into a court of competent jurisdiction, a court having jurisdiction of it as a party, and in such action, like all other suitors, is bound by the judgment within the general scope of the powers of the court. If such judgment is erroneous, it must be corrected by appropriate proceedings in review. It cannot be treated as void unless it is in excess of the powers of the court. The matter of costs is within the general powers of the district court. And even if the court erred, the judgment is not void. Take this illustration: The code, § 589, provides that "costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only." Suppose an action on a note, in which the plaintiff asks and obtains a judgment for money only, and in which, despite the statute, the court renders judgment against him and in favor of the defendant for costs: nothwithstanding the obvious error in such judgment, it is not a nullity. Unless reversed, execution may issue on it and be enforced as upon any other judgment. So here, whether this judgment was erroneous, one that could be reversed upon proceedings in error, (and we express no opinion upon that question, for it is not properly before us, though upon it see the case of the *City of Kokomo*

*v. Wills*, 34 Ind. 48, in which it was decided that a statute which provided that "in no case shall the city be liable for costs," did not apply to the costs of the district court in a prosecution appealed from its own police court,) it is at present a valid and binding adjudication by a court of general jurisdiction against one of the parties before it. We may add that even in criminal cases the question of costs is a matter of adjudication. If the result had been adverse to the defendant, the judgment would have been for costs as well as a fine. If the prosecution was malicious, judgment would go against the prosecutor for the costs. (Comp. Laws 1879, p. 180, § 92.) And the city has by payment recognized its liability for the costs of the clerk and sheriff in this case.

The second matter must also be settled against the city. The judgment names the specific amount for which it is rendered. This amount is unpaid. It stands as a judgment in favor of Mackey. Of course it can be discharged by payment to the various parties entitled to costs. The payments already made by the city to the sheriff and clerk have in fact reduced the judgment, are payments on it, although not made to the defendant in that action. But being a judgment in favor of Mackey, its collection can be enforced in his name. It may be remarked that to the claim when presented to the city council for allowance was attached the affidavit of George W. Wilson, that he was the agent of all the claimants for witness fees, and that those claims were just and unpaid. Obviously the collection was sought in the interest and for the benefit of the witnesses themselves, and Mackey's name was used as that of the single party in whose favor a judgment for all was entered. But at any rate the judgment was entered in his favor, and as such could be enforced in the same way. If any error was committed in the form of the judgment, that should be corrected. But was there any error in the form? Is not the defendant even in a criminal prosecution personally liable to the witnesses he subpenas? And may not each one of them, though compelled to attend without previous compensation, recover of him the established fees, and this without reference

to the possibility of any future or further claim against the city or state prosecuting the action? (*Commonwealth v. Williams*, 13 Mass. 501; *State v. Whithed*, 3 Murph. [N. C.] 223; *Tucker v. The State*, 2 Head, [Tenn.,] 555; *Donnelly v. The County*, 7 Clarke, [Iowa,] 419; *Hyden v. The State*, 40 Ga. 476; *Carpenter v. The People*, 8 Ill. 147.)

The final question is, whether the proceedings in the injunction suit are a bar. The facts are these: On the original judgment an execution was issued against the city and placed in the hands of the sheriff, who proceeded to levy it upon property of the city held for purely public purposes. Thereupon the city sued out an injunction to restrain further proceedings under that execution. The prayer of the petition was simply to restrain proceedings under the execution, and the injunction granted was to the same effect. The petition alleged that the property was exempt, as held for purely public purposes; it also, after stating the nature of the judgment, alleged that it was absolutely null and void — that it was for witness fees for which the city was never liable. It stated no other facts tending to show the invalidity of the judgment. The sheriff did not appear, and the court finding "That the facts and statements, all and singular, set forth in said plaintiff's petition are true," granted the injunction. Now there being no answer, no evidence was necessary, and the allegations of the petition were to be taken as true. Now no fact was alleged which showed that the judgment was a nullity.; the averment that it was null and void was of a mere conclusion of law, unwarranted by the facts stated. The facts alleged, to wit, the manner and purpose for which the property seized was held, were sufficient ground for the relief prayed for and granted; to them alone the inquiry was obviously directed and limited, and the adjudication concludes thus far and no farther. If the record leaves a doubt as to the very matter adjudicated, testimony is sometimes admissible outside the record to remove the doubt and determine what was and what was not really adjudicated; but here the record makes it plain, so that no testimony was needed.

We think all these questions presented by counsel must be answered against the city; this compels an affirmance of the judgment. We have considered no question not presented by counsel. It may be doubted whether the mere fact of a judgment gives a right to a mandamus to levy a tax; the statute is different as respects cities of the second class from that concerning cities of the first class and counties; whether the difference would affect the right to a mandamus, we shall not stop to consider, as the question is not presented. It may be the city desires to have ascertained simply the validity of the judgment; that we have decided, and we express no opinion upon any other questions than those raised by counsel. As the time for the general levy of taxes is near at hand, the order will be made requiring the levy at that time; in other respects the judgment will be affirmed, and affirmed with costs.

We understand the next case on our docket between the same parties involves the same question, and the same order of affirmance will be made in that.

All the Justices concurring.