## The City of Petersburg v. Whitnack.

48   663.
159s  300

1. *Judgment for Costs Against a Municipal Corporation.*—It is error to render a judgment against a municipal corporation for costs.

2. *Instructions—Intention of a Person Who Violates an Ordinance.*— In an action by a municipal corporation for the violation of an ordinance against knowingly suffering or permitting domestic animals to graze on the public streets, the court modified an instruction asked by the plaintiff, so as to make it necessary to show that the defendant intentionally permitted his horse to graze on the street and gave an instruction to the same effect for the defendant. *It was held* error, as no positive or preconceived intention is necessary. A mere incidental and trifling act of grazing would not be sufficient, as if a horse were to snatch a mouthful of grass when led along the street. There must be something substantial, but it is not necessary to show a design or intention.

**Memorandum.**—Suit for violation of an ordinance. Appeal from a judgment for the defendant, and against the appellant, for costs, rendered by the Circuit Court of Menard County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed March 6, 1893.

### APPELLANT'S STATEMENT OF THE CASE.

This is a proceeding by the city of Petersburg against the appellee, to recover the penalties for violations of a certain ordinance, which declares it unlawful for any horse, or other domestic animal, to go at large in said city, and prescribing a penalty against the owner or possessor of any such animal, who shall knowingly suffer or permit any such animal to go at large, or who shall in any way permit any such animal to graze on any of the streets or alleys of said city.

A trial by jury was had in the Circuit Court; the jury rendered a verdict in favor of appellee, and the court overruled appellant's motion to set aside the verdict, and for a new trial, and rendered judgment against the city for the costs of suit, and awarded execution therefor against the city.

### APPELLANT'S BRIEF.

Upon the dismissal of a prosecution under an ordinance,

or the acquittal of the defendant, it is error to render judg-
ment against a municipal corporation for costs. Town of
Nokomis v. Harkey, 31 App. Ct. 107.

It is error, in rendering a judgment against a municipal
corporation, to award an execution. And this rule applies
with full force where an execution for costs is awarded.
City of Kinmundy v. Mahan, 72 Ill. 462; Town of Odell v.
Schroeder, 58 Ill. 353; City of Chicago v. Halsey, 25 Ill. 595;
City of Bloomington v. Brokaw, 77 Ill. 194; Village of Kan-
sas v. Juntgen, 84 Ill. 360; City of Paris v. Cracraft, 85 Ill.
294; City of Macomb v. Twaddle, 4 Bradw. 254.

F. E. BLANE and N. W. BRANSON, attorneys for appellant.

GEO. B. WATKINS, attorney for appellee.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

This was a proceeding begun before a police magistrate by
appellant against appellee, on complaint for a violation of an
ordinance of the city, which made it unlawful for domestic
animals named to run at large, and declared the herding or
staking out of any such animal, or in any way permitting such
animal, whether in charge of any person or not, to graze on
any of the streets or alleys of said city, to be a violation of
the ordinance.

The case was removed by appeal to the Circuit Court,
where a trial by jury resulted in a verdict for the appellee,
and judgment was rendered against the city for cost and
execution was awarded therefor.

It was error to render judgment against the city for costs.
Town of Nokomis v. Harkey, 31 App. Rep. 107.

It was error to award execution against the city. City of
Chicago v. Halsey, 25 Ill. 595; City of Kinmundy v. Mahan,
72 Ill. 462; City of Bloomington v. Brokaw, 77 Ill. 194;
Village of Kansas v. Juntgen, 84 Ill. 360.

The court modified one of the instructions asked by the
city so as to make it necessary to show that the defendant in-
tentionally permitted his horse to graze on the street, and
gave an instruction to the same effect asked by defendant.

City of Petersburg v. Whitnack.

In view of the evidence, which we have read with care, we are inclined to think the use of the word "intentionally" was calculated to mislead the jury. The ordinance is violated when grazing on the street is permitted. No positive or preconceived intention is necessary. Nor would a mere incidental and trifling act of grazing be sufficient, as if a horse were to snatch a mouthful of grass when led along the street. There must be something substantial and it must be permitted, but it is not necessary to show design or intention; permission is enough. As the case must be again tried, we have thought it necessary to refer to this point, though we do not care to discuss the evidence. The conduct of the juror Levering was quite reprehensible, and according to the authority of Jewsbury v. Sperry, 85 Ill. 56, was sufficient to require a new trial.

The judgment will be reversed and the cause remanded.