No. 1,010.

THE STATE, EX REL. COURTER, *v.* BUCKLES ET AL.

EXECUTION.—*When May Issue and be Levied Against a County.—Judgment.*—An execution may issue on a judgment against a county, and may be levied upon any property owned by the county and not needed for governmental or public purposes.

SAME.—*Against a County.—Failure to Make Return Within 180 Days. —Liability of Sheriff.*—If a sheriff fails to make return of an execution issued against a county within 180 days, he is liable in nominal damages, without reference to the question whether or not there was any property out of which he could have made the same.

From the Knox Circuit Court.

*H. S. Cauthorn,* for appellant.

*O. H. Cobb,* for appellees.

REINHARD, J.—This is an action by the appellant's relator, against the appellee Buckles, on his official bond, as sheriff of the county of Knox, the other appellees being sureties on such bond.

The complaint is in two paragraphs, and the breach alleged in each paragraph is that the appellee Buckles, as such sheriff, for more than 180 days failed to levy an execution, in his hands, on a judgment in favor of the relator and against the board of commissioners of the county of Knox, which judgment was rendered by, and execution issued out of, the Knox Circuit Court.

For the purposes of the questions here involved, the

The State, *ex rel.* Courter, *v.* Buckles *et al.*

averments in each paragraph are substantially the same.

The court sustained a demurrer to each paragraph of the complaint, and this ruling presents the only ground upon which a reversal is asked.

The appellee has not favored us with a brief in the case, but we are informed, by appellant's brief, that the court based its ruling upon the theory that a judgment against a county could, under no condition, be enforced by means of an execution to be levied upon and satisfied by the sale of the county's property.

The statute makes it the duty of the sheriff, when an execution comes into his hands, to serve it upon the defendant or defendants in his county, and levy the execution, if not paid, upon any property of such defendant or defendants, and make at least one effort to sell such property, within sixty days after the execution comes into his hands. R. S. 1881, section 719.

The execution is returnable within 180 days from its date. R. S. 1881, section 683.

If he neglect or refuse to levy upon property, or return such execution, as required by law, the sheriff shall be amerced to the extent of the value of the property, not exceeding the amount necessary to satisfy the execution. R. S. 1881, section 783.

It is averred, in each paragraph of the complaint, in substance, that the execution defendant had, during the time the sheriff had the said execution in his hands, and during the life of said execution, personal property subject to execution, and on which he might have levied said execution and made the whole amount of money due thereon.

The effect of the judgment upon the demurrer, therefore, if the same is to stand, is to declare the law to be that an execution is in no case proper to enforce a judg-

ment against the board of commissioners of a county. Is this sound law?

Counties being but subdivisions of the govermental power of the State, the property held by them and used for such governmental or public purposes, such as a court house, or jail, or a public square, can not be sold upon legal process. *Lowe* v. *Board, etc.*, 94 Ind. 553; 2 Dill. Mun. Corp. (3d ed.), section 576.

"The rule rests upon the principle that the public good requires that property needed for the proper administration of local governmental affairs shall not be taken from the local authorities, lest the due administration of such affairs be so much disturbed as to cause the public to suffer." *Lowe* v. *Board, etc., supra.*

We do not think it can be said, however, that a county may never be the owner of property which is not needed for governmental or public purposes. We are not aware of any reason why a county, which, like other corporations, is an artificial person, subject to the power and authority of the courts within whose jurisdiction it is situated, may not, in a proper case, be bound and controlled by such process as an execution, as other persons within such jurisdiction are bound. We are aware that in some jurisdictions it is held that a judgment against a county or municipal corporation amounts to no more than the establishment of a valid claim, which the officers of such corporation may be compelled to pay out of the proper funds by mandate. *Emerie* v. *Gilman*, 10 Cal. 404, 70 Am. Dec. 742; *Kinmundy* v. *Mahan*, 72 Ill. 462; *Wilson* v. *Commissioners*, 7 Watts & Serg. 197; *Board, etc.*, v. *Edmonds*, 76 Ill. 544.

But this rule is not followed in all the States. *Savage* v. *Supervisors of Crawford Co.*, 10 Wis. 44.

We think the better rule is that execution may issue against a county upon a judgment rendered against it,

The State, *ex rel.* Courter, *v.* Buckles *et al.*

and may be levied upon any property owned by such county not needed for governmental or public purposes. 1 Freeman on Executions, section 126.

Our statute makes counties bodies corporate and politic, and clothes them with power to prosecute and defend suits, and confers upon them such rights, duties, and powers generally as are incident to corporations. R. S. 1881, section 5735.

There is nothing in the law which creates these corporations, that in any manner conflicts with the view that judgments against them may be enforced by execution, if the same can be levied and made out of property other than that needed for governmental purposes. We have not been able to find any case decided by the Supreme Court, which holds that this may not be done. If there was in fact no such property, the question can be fully met by pleading the general denial. At all events, we think it was the duty of the sheriff to make return of the execution within 180 days, and, for failure to do so, he would be liable for nominal damages, without reference to the question of whether or not there was any property out of which he could have made the same.

Judgment reversed, with directions to overrule the demurrer.

Filed Nov. 28, 1893.