Albert Booze v. Yazoo City.

[49 South. 518.]

MOTION TO CORRECT JUDGMENT AS TO COSTS.

Municipalities. *Ordinances. Violations of. Unsuccessful prosecutions. Costs.*

In prosecutions for violations of their ordinances, municipalities act for the state in matters of local government, and in the absence of a statute imposing such liability are not liable for the costs of unsuccessful prosecutions.

From the circuit court of Yazoo county.

Hon. Wiley H. Potter, Judge.

Booze, appellant, was convicted in the municipal court of Yazoo City for violating an ordinance of the municipality; he appealed to the circuit court and was there tried *do novo* and again convicted; he appealed to the supreme court and the conviction was reversed. Upon the reversal the clerk of the supreme court entered a judgment, not only reversing the conviction, but adjudging Yazoo City to pay the costs of the appeal. See *Booze v. Yazoo City,* 94 Miss. 428, 48 South. 820.

Afterwards Yazoo City moved the court to correct the judgment so as to relieve it from liability for costs, assigning the following reasons: "(1) Appellee is not liable for costs, because the record shows that Yazoo City is a municipal corporation, with power to punish for criminal offenses, and in this case was attempting to enforce its criminal ordinances. (2) Because there is no statute of this state, or charter provision of Yazoo City, making the appellee liable for costs in cases where it fails in prosecuting for violations of its criminal ordinances. (3) Because it is against public policy to tax municipalities with costs of court in cases where it fails in the prosecution for violations of its criminal ordinances. (4) Because the state is not liable

for costs, without special statutory provision, and Yazoo City was acting in this case as an agent of the state, and is not liable for costs."

*Holmes & Holmes,* for the motion, cited the following authorities: 28 Cyc. 1774; 11 Cyc. 287; 15 Ency. Plead. & Prac. 439; *Grafton v. Mooney,* 89 Ill. App. 622; *Camden v. Block,* 65 Ala. 236; *Montgomery v. Foster,* 54 Ala. 62.

*Mayes & Longstreet, contra.*

MAYES, J., delivered the opinion of the court.

In all prosecutions conducted by a municipality for the purpose of enforcing its criminal ordinances, it is acting in the capacity of agent for the state in the enforcement of local government, and, in the absence of a statute making it liable for the cost of conducting such prosecutions in the event of failure to convict, the municipality is no more liable for the costs than is the state itself. This being the law on this subject, and, there being no statute in this state making the municipality liable in such cases, costs cannot be collected from it in this character of proceeding. We think this is quite clear from the authorities, and content ourselves with the citations found in the brief of counsel for motion.

Motion is sustained, and the clerk ordered to make the correction in the decree relieving the municipality from liability for costs in this case.

*Motion sustained.*