## NEPHI CITY v. FORREST.

No. 2363. Decided August 17, 1912 (126 Pac. 332).

1. INTOXICATING LIQUORS—ORDINANCES—REPEAL BY STATE STATUTES. Sess. Laws 1911, chap. 106, relating to the sale of intoxicating liquors, supersedes all legislation on the subject, and repeals a city ordinance on the subject.[1] (Page 434.)

2. MUNICIPAL CORPORATIONS—PROSECUTIONS FOR VIOLATION OF ORDINANCES—COSTS. The costs of one acquitted of violating an ordinance of a city cannot be taxed against the city, in the absence of statute authorizing it. (Page 435.)

3. MUNICIPAL CORPORATIONS—PROSECUTIONS FOR VIOLATIONS OF ORDINANCES—COSTS. A prosecution in the name of a city for a violation of an ordinance is in its nature criminal, and is not within Comp. Laws 1907, sec. 3339, providing for costs in an action involving a municipal fine, and one acquitted of violating an ordinance is not entitled to judgment against the city for costs. (Page 435.)

APPEAL from District Court, Fifth District; *Hon. Joshua Greenwood,* Judge.

Henry Forrest was convicted of violating an ordinance of Nephi City, and he appeals.

---

[1] Pleasant Grove City v. Lindsay, 41 Utah, 154, 125 Pac. 389.

41 Utah 28

REVERSED WITH DIRECTIONS.

*Henry Adams* and *B. N. C. Stott* for appellant.

*Thomas H. Burton* for respondent.

McCARTY, J.

On August 1, 1911, the defendant was tried and convicted in the justice court at Nephi City, Juab County, for having, on the 19th day of May, 1911, sold intoxicating liquor in violation of the provisions of an ordinance passed by the city council of Nephi City October 1, 1909. The defendant appealed the case to the district court of Juab County. A trial was had in that court, and the defendant was again convicted, and sentenced to pay a fine of $125. From the judgment rendered in the district court, the defendant appeals to this court.

The defendant, in his assignment of errors, assails the judgment on the ground that the city ordinance under which he was prosecuted was, in effect, repealed by chapter 106, Sess. Laws 1911. That act went into effect ten days before the crime here charged was committed. The case comes clearly within the rule announced in the case of *Pleasant Grove City v. Lindsay* (recently decided by this court) 41 Utah, 154, 125 Pac. 389. It was held in that case "that in adopting chapter 106 it was the intention of the legislature to supersede all legislation with regard to the liquor traffic, whether special or general." Counsel for respondent Nephi City concedes that, under the authority of the case mentioned, the conviction in the case at bar cannot be upheld, and that the judgment must be reversed and the case dismissed. It is only fair to the trial court to say that this cause was tried and judgment rendered in the district court before the opinion of this court in *Pleasant Grove City v. Lindsay* was announced.

The most serious question presented by this appeal is the question of costs. Appellant insists that as the judgment of the district court must be reversed, and the case dismissed,

he is entitled to a judgment against the defendant for costs. On the other hand, counsel for the city vigorously contend that, this being a criminal action, the defendant is not entitled to a judgment for costs. The general rule seems to be that in cases of this kind, brought by a municipality for the violation of its ordinances, the defendant's costs cannot, in the absence of a statute authorizing it, be taxed against the municipality. (11 Cyc. 287; 5 Ency. Pd. & Pr. 151; *City of Charleston v. Beller,* 45 W. Va. 44, 30 S. E. 152; *Town of Nokomis v. Harkey,* 31 Ill. App. 107; *City of Petersburg v. Whitnack,* 48 Ill. App. 663; *City Council of Montgomery v. Foster,* 54 Ala. 62; *City of Selma v. Stewart,* 67 Ala. 338.)

Appellant, in support of his contention that he is entitled to a judgment for costs, cites and relies upon Comp. Laws 1907, sec. 3339, which, so far as material here, provides that "costs are allowed of course to the prevailing party in the following cases: . . . (5) In an action which involves the title or possession of real estate, or the legality of any tax, impost, assessment, toll, or municipal fine." We think this section is applicable to civil actions only. In the case of *Salt Lake City v. Robinson,* 39 Utah, 260, 116 Pac. 442, 35 L. R. A. (N. S.) 610, this court held that prosecutions conducted in the name of a municipality for violations of its ordinances are in their nature criminal and not civil actions, and we there held that a different rule applies in the taxation of costs in criminal actions than obtains in civil actions in which the municipality is a party. In the course of the opinion it is said:

"If proceedings instituted for the purpose of procuring convictions for the violation of ordinances are criminal, then one rule with respect to the payment of costs prevails; while, if they are civil, then another and different rule must be applied."

This being in the nature of a criminal action, it does not fall within section 3339, and, as there is no statute authorizing the taxation of costs against a municipality in cases

of this kind, it follows that appellant is not entitled to a judgment for costs.

The judgment is reversed, with directions to the lower court to dismiss the action.

FRICK, C. J., and STRAUP, J., concur.