**BEATY, Court Clerk, et al. v. OKLAHOMA CITY.**

No. 10876—Opinion Filed April 24, 1923.

(Syllabus.)

1. **Municipal Corporations — Claims — Procedure for Collection.**

The manner and procedure of collecting claims or judgments against a city are regulated by statute or the city charter, and a

party holding such a claim or judgment is not authorized to appropriate public funds coming into his hands to the payment of a supposed claim or judgment, but must collect the same in the manner provided by law.

## 2. Same — Prosecutions—Liability of City for Costs.

There is no statute making the city liable for payment of costs where it fails in the prosecution for violation of an ordinance in a criminal of quasi criminal action, and in the absence of such law no judgment can be rendered against the city on appeal for costs where the defendant is acquitted or the prosecution dismissed by the city.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Oklahoma City against James Beaty, as Court Clerk, and his sureties to recover money received.    Judgment for plaintiff, and defendants bring error.  Affirmed.

Forrest L. Hughes and M. S. Singleton, for plaintiffs in error.

O. L. Price, D. B. Welty, Porter H. Morgan, and Paul J. McCarthy, for defendant in error.

McNEILL, J.  This action was commenced in the district court of Oklahoma county by the city of Oklahoma against James Beaty, court clerk of Oklahoma county, and his sureties to recover $674.60. The county intervened and admitted the court clerk, James Beaty, had collected the sum specified, but contended that Oklahoma City was indebted to the county in the sum of $1,578.45 for costs in numerous cases, and the amount collected had been applied by the clerk to the costs in other cases.

The case was tried upon an agreed statement of facts, and involves a question of law, to wit, whether the city of Oklahoma is liable for costs accruing in the county court in cases appealed to that court from conviction of defendants in municipal court for violation of city ordinances, where such cases are dismissed in the county court by the city, or are tried in the county court and result in an acquittal of the defendants.  The trial court held the city was not liable, and rendered judgment in favor of the city, and against the defendants.  From said judgment, an appeal has been prosecuted to this court.

The trial court held, there being no statutory provision making the city liable for costs in the said cases, the costs could not be collected from the city.  Plaintiffs in error admit there is no specific statute covering this matter, but rely upon the general statute which provides that the losing party is liable for court costs.

We think the judgment is correct, for two reasons: Admitting that the city was liable for costs in cases where the appeal was dismissed or where the defendant had been acquitted, the only method for the court clerk to collect said fees would be by filing a claim with the city, and having the same duly allowed by the commissioners, or if the same was a judgment, to collect the same as a judgment against the city.  There is no authority for the court clerk to take fines or costs collected in one case belonging to the city and divert the same to the payment of costs in another case in this court, even if the city should be liable therefor. The manner and method of collecting claims or judgments against the city are regulated by statute, and a party is not authorized to appropriate public funds coming into his hands to payment of his claims.  The claims or judgments against a municipality must be collected in the manner provided by law.

We think the judgment is correct for a further reason.  There is no statute which makes the city liable for said costs in criminal or quasi criminal cases.  The Criminal Court of Appeals of this state is a long line of decisions, beginning with Ex parte Johnson, 13 Okla. Cr. 46, 161 Pac. 1097, has held that the prosecution for violation of a municipal ordinance where the punishment may be imprisonment is a criminal proceeding.  The question of whether a municipality is liable for costs in this class of cases is stated in McQuillin on Municipal Corporations, vol. 3, sec. 1070, as follows:

"Costs as such were unknown to the common law.  They are the creatures of statutes.  None can be awarded unless expressly provided.  At common law they were not recoverable by either party in any case, civil or criminal.

"It has often been held that in the absence of statute providing therefor costs cannot be taxed against a municipality in cases for violations of ordinances, no matter whether the case is decided against it or not."

Some of the cases supporting this principle of law are the following: City v. Farmer (Mo.) 190 S. W. 406; Anderson v. Schubert (Ill.) 41 N. E. 853; Nephi City v. Forest (Utah) 126 Pac. 332; City of Charleston v. Belier, 45 W. Va. 44, 30 S. E. 152; Salt Lake City v. H. F. Robinson (Utah) 116 Pac. 442, Booze v. Yazoo City, 95 Miss. 699, 49 South, 518; City of Portland v. Yates (Ore.) 199 Pac. 184, 203 Pac. 319; Sioux Falls v. Mansors (S. D.) 168 N. W. 751.

The plaintiffs in error, however rely upon the cases of Iola v. Harris (Kan.) 20 Pac. 521, Warner v. Mackey, 25 Kan. 669, and City of Kokomo v. Wells, 30 Ind. 48. These appear to be the only cases to support the contention of plaintiffs in error, and in those cases the court treated the proceeding, not as a criminal proceeding, but in the nature of a civil action. No case, however, is cited where the court had treated the violation of city ordinances as being in the nature of a criminal action and held that the city was liable . for such costs. Section 2233, Rev. Laws 1910, provides that in criminal cases, in case of conviction, the costs should be taxed against the defendant, but there is no provision for taxing the costs against the city or muncipality in case of acquittal.

For the reasons stated, the judgment of the court is affirmed.

All the Justices concur, except MASON, J., absent and not participating.